STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. STEPHEN G. CHAREST, RESPONDENT.
724 N.W.2d 804

Filed December 15, 2006. No. S-06-1028.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Stephen G. Charest. The court accepts respondent's surrender of his license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 23, 1998. On September 25, 2006, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent stated that he is "currently under investigation by the Office of the Counsel for Discipline as a result of a grievance received from a former client." Respondent further stated that the allegations in the grievance, if proved to be true, would constitute a violation of respondent's oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997), and of Neb. Ct. R. of Prof. Cond. 8.4 (rev. 2005). The factual basis for the voluntary surrender was not stated.

Rule 8.4 provides as follows:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice. Once a lawyer is employed in a professional capacity, the lawyer shall not, in the course of such employment, engage in adverse discriminatory treatment of litigants, witnesses, lawyers, judges, judicial officers or court personnel on the basis of the person's race, national origin, gender, religion, disability, age, sexual orientation or socioeconomic status. This subsection does not preclude legitimate advocacy when these factors are issues in a proceeding.

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law or ·

(g) willfully refuse, as determined by a court of competent jurisdiction, to timely pay a support order, as such order is defined by Nebraska law.

On October 12, 2006, the court entered on order directing the relator to provide the court with the factual basis for the voluntary surrender and further providing an opportunity for respondent to respond thereto. Relator filed a "Factual Basis in Support of Voluntary Surrender" on October 23. Respondent did not file a pleading in response.

Relator's pleading states, in summary, that respondent was retained by a client for the purpose of filing a divorce action against her husband, but that respondent admitted during the course of the investigation that he had failed to file a case on her behalf. Further, at some point, the client inquired about the status of her case, and respondent provided to her a document purporting to be a court order (Order) in her case. The document was entitled "Order for Default Hearing" and was purportedly signed by a judge of the district court for Lancaster County in the client's case. Although the plaintiff's name on the Order is that of respondent's client, the case number on the Order was

assigned to another case, and no actual order involving the client was ever entered. The Order given to the client was prepared by respondent.

In his voluntary surrender, respondent states that he knowingly does not contest the truth of the allegations made against him by his former client. In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not contest the truth of the allegations made against him in the grievance filed by his former client. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that he knowingly does not contest the truth of the allegations in the grievance filed against him by a former client and that such allegations, if true, constitute a violation of rule 8.4 of the Nebraska Rules of Professional Conduct. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of

Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.